BELLE L. LYONS, Ex. *vs.* RALPH B. TAYLOR, Ex.

SAME *vs.* RALPH B. TAYLOR, Tr.

JUNE 8, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. These causes in equity were heard in the Superior Court and are in this court on complainants' appeals from decrees dismissing the bills.

The bill against Ralph B. Taylor as executor under the will of William E. Whitford was brought in aid of an action at law now pending between the parties. The relief sought is the cancellation of two receipts given to the respondent by complainant's testatrix Marian A. Whitford. The bill against Taylor as trustee under the will of Silas B. Whitford prays that the respondent be compelled to account for certain deductions made from the income of complainant's testatrix as a beneficiary under the will of said Silas B. Whitford. The purpose of the two bills in equity and the action at law is to compel the respondent to pay over to

complainant the sum of $1,500 bequeathed to complainant's testatrix by William E. Whitford and to account for the above-mentioned deductions.

Silas B. Whitford died in 1887. By his will he left his residuary estate in trust and directed that the income therefrom be paid in equal parts to his two sons, William E. and Frank P., and to his grandson, Fred P. Whitford, during their lives and on the death of any one of them his share of the income was to be paid to the widow or children of such deceased son or grandson.

Frank P. Whitford died in 1911 and his widow Marian A. Whitford became entitled to his share of said income. In 1889 Frank P. gave his note to William Barton, the original trustee under the will of Silas B. Whitford, for $1,594.52 for money advanced from the *corpus* of the trust and in 1893 gave another note for $200, a like advance. There was a succession of trustees under said will and in 1922 the respondent was appointed.

In 1926, William E. Whitford died leaving a will which named the respondent as executor.

The different trustees under the will of Silas B. Whitford appear to have deducted from Frank P.'s share of the income interest on said notes and this interest was deducted from the share of his widow after his death. When the respondent became trustee under said will he found an assignment of Marian A. Whitford of her interest in the income to secure the payment of the note for $200 but found no assignment to secure the note for the larger amount. He took the matter up with William E. Whitford who informed him that these loans were made when William Barton was trustee and that if Frank P. and Marian A. Whitford died before he did he would see that the notes were paid, and that if they survived him he had made provisions in his will leaving more than a sufficient amount to pay the same.

When he died in 1926, his will contained the following clause: "I give, devise and bequeath unto Marian A. Whitford of Providence, Rhode Island, the sum of $3,000 to be

to her absolutely." A little more than a year after William E. Whitford's death the respondent wrote to Marian A. Whitford as follows:

"My dear Mrs. Whitford:

I am inclosing herewith your statement of income and disbursements on the Silas B. Whitford estate which shows a net income to you for the year of $910.64. As you know, Frank P. Whitford, your husband, had borrowed from the estate $1,594.52 on one note which was dated February 18, 1889, and $200 on a note dated February 1, 1893. Under the terms of Silas B. Whitford's will the trustee was to pay to the beneficiaries the net income, after all expenses were paid, but none of the principal was to be paid to them. As these loans to Frank P. Whitford were taken from the principal of the estate, it is the duty of the trustee to keep the principal of the estate intact and the court would hold the trustee responsible for any unsecured loans so I have deducted the $200 from your income and enclose the note herewith showing the same to be paid.

The other note of $1,594.52 can be paid by whatever arrangement most satisfactory to you. You could pay it when you receive your legacy from the estate of William E. Whitford . . . Trusting you will appreciate that I am acting only in my capacity as trustee of the Silas B. Whitford estate, with kind personal regards, &c."

The respondent saw Marian A. Whitford only twice, once at the funeral of William E. Whitford, when he was introduced to her and exchanged a few formal words with her, and again at his office when she called after receiving his letter, accompanied by a woman who was a stranger to the respondent and who did not appear as a witness at the hear-

ing on the bills. At this interview respondent testified that he told Marian A. Whitford of his conversation with William E. and she said she understood and that William had told her the same thing. The respondent further testified that he told her she could take the matter under advisement but she replied that the money was due and that she ought to pay it and later said: "We owed the money to Silas B. Whitford" (doubtless meaning his estate). The respondent, who was then prepared to make a payment of 50% of the legacy under the will of William E. Whitford, gave her a check for $1,500 which she, by endorsement, made payable to the estate of Silas B. Whitford.

There is no evidence that the respondent misled her in this interview or that he pressed her for payment at that time. He suggested that she take the matter under advisement.

The complainant contends that Marian A. Whitford, owing to her advanced years and enfeebled condition, both mentally and physically, was incapable of understanding her legal rights with respect to the note of her husband. Some testimony was introduced to this effect but it was not convincing. There was some testimony given by her landlady that Marian A. Whitford deplored the fact that the respondent was making her pay her husband's note. But this testimony was vague and confused. The complainant by this contention is placed in the equivocal position of asserting on the one hand a lack of capacity in Marian A. Whitford to understand a comparatively simple business transaction in August, 1927, and on the other hand full testamentary capacity in March, 1928, when she made her will leaving all her property to Belle L. Lyons, the original complainant in these bills.

The only ground for relief that merits serious consideration is the letter of August 9th above quoted. It is not contended that respondent was actuated by any improper motive in writing that letter. He could not derive any benefit from the payment of the note. It is probable that he

believed that Marian A. Whitford was responsible for her husband's note and that it was his duty to obtain payment from her. It cannot be said that there was no ground for this belief. From 1911, after her husband's death, to 1928 she allowed, without protest, the interest on this note to be deducted from her income. She had assigned her future interest in the income from the estate of Silas B. Whitford. as security for the payment of the note for $200 and it was not unreasonable to assume that the original trustee had protected himself with a like assignment as security for the earlier and larger note. But the fact remains that he had no proof of such an assignment. Equity subjects to closest scrutiny dealings of a fiduciary with a beneficiary involving the transfer of property or the release of rights. Pomeroy Eq. Juris., 4th ed., § 956 *et seq*. Without imputing to the respondent any improper motive in writing the letter of August 9th, he nevertheless made a misstatement when he gave Marian A. Whitford to understand that he would be compelled to reimburse the estate for the amount of this note if she did not do so. If it were clear that her action in paying the note was induced by this misleading statement a very strong case for relief would be presented. While there was some evidence that Marian A. Whitford considered herself under a legal obligation with respect to this note, we are of the opinion that the impelling motive that led her to pay the same was not the letter of August 9th but knowledge of the fact that it was the wish and intention of William E. Whitford in making her a legatee under his will that a part of her legacy should be used in the liquidation of her husband's indebtedness to the estate of Silas B. Whitford.

It is true that he imposed no legal obligation on her so to do but the record discloses that she felt at least under a moral obligation to pay her husband's note and acted accordingly. Having voluntarily paid said note with full knowledge of all the circumstances the amount paid cannot be recovered. *Fairbanks* v. *Mann,* 19 R. I. 499.

There is no evidence, although she lived two and one-half years after making the payment, that she ever regretted her action or made any complaint that she had been deceived or misled by the respondent.

The appeals are denied and dismissed, the decrees appealed from are affirmed and each cause is remanded to the Superior Court for further proceedings.

*Ralph M. Greenlaw, Edwin J. Tetlow,* for complainant.

*Littlefield, Otis & Knowles, John Courtland Knowles,* for respondent.